UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DONNELL DAVIS, JR., | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 4:25-cv-01037-SRW |
| ST. ANDREWS, | ) ) ) |
| Defendant. | ) ) |

**MEMORANDUM AND ORDER**

Self-represented Plaintiff Donnell Davis, Jr. brings this employment action against Defendant St. Andrews, alleging racial discrimination under Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e, *et seq*. Now before the Court is Plaintiff's motion for leave to proceed *in forma pauperis*, or without prepayment of the required filing fees and costs. ECF No. 3. Having reviewed the motion and the financial information submitted in support, the Court finds that Plaintiff is unable to pay the filing fee. The motion will be granted and the filing fee waived. *See* 28 U.S.C. § 1915(a)(1). As Plaintiff is now proceeding *in forma pauperis*, his Complaint is subject to review under 28 U.S.C. § 1915. Based on such review, the Court will dismiss this matter for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court may dismiss a complaint filed *in forma pauperis* if the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and it liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520

(1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits the claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represented plaintiffs are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

### The Complaint

Plaintiff Donnell Davis, Jr. asserts that Defendant St. Andrews violated Title VII when St. Andrews failed to hire him based on his race, on November 11, 2024. ECF No. 1 at 1-5. According to Plaintiff, a St. Andrews employee informed him that St. Andrews "couldn't go forward with [his] employment" because of pending criminal charges for receiving stolen property and resisting arrest that were brought to their attention by a third-party background check on Plaintiff. *Id.* at 6. Plaintiff states that he provided paperwork to St. Andrews showing that the stolen property charge had been dropped, but that he was unaware of any pending resisting arrest charge. He emailed the St. Andrews employee asking that she call him to discuss the charge, but he never received a

response. According to Plaintiff, St. Andrews discriminated against him based on his "arrest record and not [his] conviction record." *Id.*

Plaintiff states that he filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC) regarding these same allegations against St. Andrews.[1] *Id.* at 3-4. On May 14, 2025, the EEOC issued Plaintiff a right-to-sue letter. ECF No. 1-1 at 1. Plaintiff filed the instant employment discrimination action with this Court on July 14, 2025—within the 90-day period allowed for instigation of a federal court action after issuance of the EEOC letter. ECF No. 1 at 9.

For relief, Plaintiff seeks $25,000 in damages. *Id.* at 8.

## Discussion

Based on a careful review and liberal construction of the allegations of the Complaint, the Court finds that Plaintiff fails to state a claim of Title VII discrimination. As such, this case will be dismissed under 28 U.S.C. § 1915(e)(2)(B).

Title VII makes it unlawful for an employer to fail to hire an individual because of his race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-2(a)(1). In the hiring context, a prima facie case of Title VII discrimination requires an applicant to show that: (1) he is in a protected class; (2) he was qualified for an open position; (3) he was denied that position; and (4) the defendant filled the position with a person not in the same protected class. *Torgerson v. City of Rochester*, 643 F.3d 1031, 1046 (8th Cir. 2011).

In this case, Plaintiff checked the line on the form complaint indicating his belief that St. Andrews had discriminated against him on the basis of his race. ECF No. 1 at 5. However,

---

[1] Plaintiff states that he filed his Charge of Discrimination with the EEOC on May 15, 2025. ECF No. 1 at 3. However, the EEOC right-to-sue letter is dated one day prior—May 14, 2025. ECF No. 1-1 at 1. Because the timeliness of this action is dependent only on the date of issuance of the right-to-sue letter, this error is inconsequential to the Court's analysis.

Plaintiff makes no allegations in the Complaint that he was treated differently by St. Andrews based on his race. In fact, Plaintiff never specifies his own race, nor does he allege membership in any protected class. In addition, Plaintiff provides no facts establishing that he was qualified for the open position that he applied for at St. Andrews, or that the open position was filled with a person not in his protected class. This Court cannot assume facts that are not alleged in the Complaint. *Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004). As such, Plaintiff's Complaint fails to state a "disparate treatment" claim of Title VII discrimination—a claim which requires that a plaintiff prove that the defendant had a discriminatory intent or motive. *Watson v. Fort Worth Bank & Tr.*, 487 U.S. 977, 986 (1988).

However, Title VII prohibits two types of discrimination: disparate treatment and disparate impact. *Id.* at 987; *see also* 42 U.S.C. § 2000e-2(k). The "premise" of disparate impact cases "is that some employment practices, adopted without a deliberately discriminatory motive, may in operation be functionally equivalent to intentional discrimination." *Watson*, 487 U.S. at 987. Some "obvious examples" of this are "found where facially neutral job requirements necessarily operated to perpetuate the effects of intentional discrimination." *Id.* Liberally construing the Complaint here, it appears that Plaintiff may be attempting to assert a claim of disparate impact. Plaintiff states that St. Andrews discriminated against him when they failed to hire him based on his arrest record. It appears Plaintiff is arguing that the facially neutral job requirement of checking an applicant's arrest record operates to perpetuate discrimination in hiring.

To establish a prima facie case of disparate impact under Title VII, a plaintiff "must begin by identifying the specific employment practice that is challenged." *Id.* at 994. "Once the employment practice at issue has been identified, … the plaintiff must offer statistical evidence of a kind and degree sufficient to show that the practice in question has caused the exclusion of applicants for jobs … because of their membership in a protected group." *Id.*

Plaintiff here does not support his assertion (that St. Andrews's consideration of arrest records in hiring decisions causes a disparate impact) with any evidence. Plaintiff provides no statistical evidence showing that job applicants are being excluded by St. Andrews because of their membership in a protected group. In addition, as mentioned above, Plaintiff does not even state his own race or what protected class he alleges is being disparately impacted by St. Andrews's facially neutral hiring criteria.

For all these reasons, Plaintiff's Complaint fails to state a claim for Title VII employment discrimination. Plaintiff does not allege membership in any Title VII protected group. He does not establish that he was qualified for an open position at St. Andrews or that the St. Andrews position was filed by a person not in his protected class. Furthermore, Plaintiff offers no statistical evidence showing that St. Andrews consideration of an applicant's arrest record has the effect of denying members of a protected class equal access to employment opportunities. As such, the allegations of the Complaint are insufficient to state a disparate treatment or a disparate impact claim under Title VII. This case will be dismissed under 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion to proceed *in forma pauperis* [ECF No. 3] is **GRANTED** and the filing fee is waived. *See* 28 U.S.C. § 1915(a)(1).

**IT IS FURTHER ORDERED** that the Clerk shall **not** issue process or cause process to issue upon the Complaint because the Complaint fails to state a claim upon which relief can be granted under 28 U.S.C. § 1915(e)(2)(B). Plaintiff's claims against defendant St. Andrews are **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for appointment of counsel [ECF No. 2] is **DENIED as moot**.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 20th day of October, 2025.

　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　CRISTIAN M. STEVENS
　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE